UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARIA CARIDAD GUTIERREZ,

    Plaintiff,

v.

JACINTO LAM and EXXODO LLC D/B/A
EXXODO RESTAURANT,

    Defendants.
_____/

**COMPLAINT**

Plaintiff, MARIA CARIDAD GUTIERREZ, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues JACINTO LAM and EXXODO LLC D/B/A EXXODO RESTAURANT (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1. Ther is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, MARIA CARIDAD GUTIERREZ, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

4. At all times material, Defendant, JACINTO LAM, owned and operated a commercial retail shopping plaza at 5350 W. 12th Avenue, Hialeah, Florida 33012 (hereinafter the

"commercial property") and conducted a substantial amount of business in that place of public accommodation in Hialeah, Florida.

5. At all times material, Defendant, JACINTO LAM, was and is the owner of the real commercial property that is the subject matter of this ADA Action, conducts business in the State of Florida, has the principal place of business listed in the complaint in Hialeah, Florida and is otherwise *sui juris*.

6. At all times material, Defendant, EXXODO LLC D/B/A EXXODO RESTAURANT, was and is a Florida Limited Liability Company which is registered to conduct business in the State of Florida and has the principal place of business listed in the Complaint in Hialeah, Florida.

7. At all times material, Defendant, EXXODO LLC D/B/A EXXODO RESTAURANT, owned and operated a commercial restaurant at 5396 W 12th Avenue, Hialeah, Florida 33012[1] (hereinafter the "commercial property") and conducted a substantial amount of business in that place of public accommodation in Hialeah, Florida

8. Venue is properly located in the Southern District of Florida because Defendants' commercial property, restaurant, and businesses are all located in Miami-Dade County, Florida; Defendants regularly conduct business within Miami-Dade County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

9. Although well over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants has yet to make its/their facilities accessible to individuals with disabilities.

---

[1] This commercial restaurant sits within the shopping plaza owned and operated by the Codefendant and landlord, Jacinto Lam that is centered at 5350 W. 12th Avenue, Hialeah, Florida 33012.

10. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of the abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants have continued to discriminate against people who are disabled in ways that block them from access and use of Defendants' property and the businesses therein.

11. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12. Plaintiff, MARIA C. GUTIERREZ, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, MARIA C. GUTIERREZ, uses a wheelchair to ambulate. Plaintiff is unable to walk and/or stand for long periods of time without the use of a wheelchair. She is limited in major life activities, such as walking and standing.

13. Defendant, JACINTO LAM, owns, operates and oversees the commercial property, to include its general parking lot and parking spots specific to the tenant businesses therein and all other common areas open to the public located within the commercial property.

14. Defendant, EXXODO LLC D/B/A EXXODO RESTAURANT, owns, operates and oversees the commercial restaurant within its Co-Defendant's commercial property, to include the general parking lot and parking spots specific to its commercial restaurant business therein and all other pathway and commercial goods areas, aisles and restroom areas, which are open to the public located within the commercial property.

15. The subject commercial property and restaurant are open to the public and are located in Hialeah, Florida. The individual Plaintiff visits the commercial property, to include visits to the commercial property and business located within the commercial property on May 3, 2024 and encountered multiple violations of the ADA that directly affected her ability to use and enjoy

3

the commercial property. He often visits the Commercial property and business located within the commercial property in order to avail himself of the goods and services offered there, and because it is approximately four (4) miles from her residence and is near other business and restaurant he frequents as a patron. He plans to return to the commercial property within two (2) months from the date of the filing of the Complaint.

16. The Plaintiff, MARIA CARIDAD GUTIERREZ, found the commercial property and commercial restaurant business located within the commercial property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the commercial property and Commercial Restaurant business located within the commercial property and wishes to continue her patronage and use of the premises.

17. The Plaintiff, MARIA CARIDAD GUTIERREZ, has encountered architectural barriers that are in violation of the ADA at the subject commercial property and restaurant. The barriers to access at Defendants' commercial property and commercial restaurant business have each denied or diminished Plaintiff's ability to visit the commercial property and have endangered her safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, MARIA CARIDAD GUTIERREZ, and others similarly situated.

18. Defendant, JACINTO LAM, owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, JACINTO LAM, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, JACINTO LAM, owns and operates is the commercial property and/or businesses plaza located at 5350 W. 12th Avenue, Hialeah, Florida 33012.

19. Defendant, EXXODO LLC D/B/A EXXODO RESTAURANT, owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, EXXODO LLC D/B/A EXXODO RESTAURANT, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, EXXODO LLC D/B/A EXXODO RESTAURANT, owns and operates is the commercial restaurant and/or business located at 5396 W 12th Avenue, Hialeah, Florida 33012.

20. Defendant, JACINTO LAM, as landlord and owner of the commercial property, is jointly and severally liable for all ADA violations listed in the Complaint with its commercial tenant and owner of a commercial restaurant business, EXXODO LLC D/B/A EXXODO RESTAURANT.

21. Plaintiff, MARIA CARIDAD GUTIERREZ, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described commercial property, including but not necessarily limited to the allegations of the Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the commercial property, in violation of the ADA. Plaintiff desires to visit the commercial property and businesses located therein, not only to avail himself of the goods and services available at the commercial property, but to assure himself that the commercial property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the commercial property without fear of discrimination.

22. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the commercial property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS AS TO JACINTO LAM
## FOR COMMON AREAS

23. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24. Defendant, JACINTO LAM, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. **Parking Lot & Accessible Route**

i. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: Some of the accessible parking spaces are located on a non-compliant slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a non-compliant slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT II – ADA VIOLATIONS AS TO JACINTO LAM AND EXXODO LLC D/B/A
## EXXODO RESTAURANT

25. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

26. Defendants, JACINTO LAM and EXXODO LLC D/B/A EXXODO RESTAURANT, have discriminated, and continue to discriminate, against Plaintiff in violation

of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

    A. **Access to Goods and Services (Interior Seating Area)**

    i.    The seating provided at the facility does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii.    The facility does not provide the required amount of seating. Failing to provide sufficient amount of seating when dining surfaces are provided for the consumption of food or drinks for person(s) with a disability in violation of section 5.1 of the ADAAG and Sections 226 of the 2010 ADA Standards.

    iii.    The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

    iv.    The Plaintiff had difficulty using the bar counter, as it is mounted too high. Violation: There is no lower portion of the bar counter provided, violating Section 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    B. **Women's Public Restrooms**

    i.    There are permanently designated interior spaces without proper signage location, Signage is mounted on the door leaf violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

  ii. The Plaintiff had difficulty opening the door, as the lavatory is encroaching the maneuvering clearance on the door. Violation: Lavatory encroaches over the required maneuvering clearance on the pull side of the door. Sections 4.13.6 of the ADAAG, Sections 404.2.4 of the 2010 ADA Standards and section 28 CFR 36.211, whose resolution is readily achievable.

  iii. The Plaintiff could not lock the restroom without assistance, as it is not mounted at the required height. Violation: Locking hardware is not mounted in accordance with Section 4.13.9 of the ADAAG and Section 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

  iv. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drain pipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

  v. The Plaintiff could not use the lavatory without assistance, as does not provide knee clearance. Violation: Lavatory does not provide the required knee clearance width under the lavatory. Section 4.19.3 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

  vi. The Plaintiff had difficulty to use the mirror, as it is mounted too high. Violation: The mirror provided in the restroom is in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

  vii. The baby changing station is mounted to high. Violation: The baby changing station does not comply with the standards prescribed in Section 5.2 of the ADAAG and Sections 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

      viii.      The Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not provide the required length. Violation: The rear wall grab bars is 24" long violating Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 of the 2010 ADA Standards, whose resolution is readily achievable.

      ix.      The Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is mounted at a non-compliant distance from the rear wall. Violation: Water closet side wall grab bar is mounted at a non-compliant distance from the rear wall to the centerline of its outer flange. Sections 4.16.4 of the ADAAG and Sections 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

      x.      The Plaintiff could not use the toilet tissue dispenser without assistance, as it is not mounted at the required location. Violation: The toilet tissue dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

27.      The discriminatory violations described in the Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, MARIA CARIDAD GUTIERREZ, from further ingress, use, and equal enjoyment of the commercial plaza and restaurant; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for

injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

28. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' commercial property and commercial restaurant business within the commercial property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

29. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with

disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

30. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

31. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

32. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by the Plaintiff or waived by the Defendant.

33. Pursuant to 42 U.S.C. § 12188, the Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate its businesses, located within the commercial property and Commercial Restaurant located at 5350 W. 12th Avenue, Hialeah, Florida 33012 and 5396 W 12th Avenue, Hialeah, Florida 33012 (respectively), the interiors, exterior areas, and the common exterior areas of the commercial

property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiff, MARIA CARIDAD GUTIERREZ, respectfully requests that the Honorable Court issue (i) an Order for Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (ii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: October 22, 2024

                                                Respectfully submitted,

                                                **ANTHONY J. PEREZ LAW GROUP, PLLC**
                                                *Attorneys for Plaintiff*
                                                7950 w. Flagler Street, Suite 104
                                                Miami, Florida 33144
                                                Telephone: (786) 361-9909
                                                Facsimile: (786) 687-0445
                                                Primary E-Mail: ajp@ajperezlawgroup.com
                                                Secondary E-Mails: jr@ajperezlawgroup.com

By: /s/ Anthony J. Perez
     ANTHONY J. PEREZ
     Florida Bar No.: 535451

13